# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UCLUE, INC DBA UFORIA SCIENCES, | § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO.** 4:20-CV-904-ALM |
| v. | § § § | |
| TRAVIS FLAHERTY AND SUMMER FLAHERTY, and FLAHERTY ENTERPRISES, LLC, | § § § § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Travis Flaherty's, Summer Flaherty's, and Flaherty Enterprises, LLC's Motion to Dismiss (Dkt. #7). After reviewing the motion and the relevant pleadings, the Court finds that Uclue, Inc., d.b.a. Uforia Sciences ("Uforia") should be given leave to amend its complaint. Accordingly, the Court finds that the Motion should be denied as moot.

### BACKGROUND

Uforia is a network marketing company which sells custom nutrition and related products through a nationwide network of independent representatives (Dkt. #6 ¶ 6). The independent representatives are commonly referred to as "Utritionists" (Dkt. #6 ¶ 6). Uforia utilizes Utritionists to bring in new representatives in an "up-line and down-line structure" (Dkt. #6 ¶ 7). Uforia requires each Utritionist to execute a Utritionist Agreement (the "Agreement") (Dkt. #6 ¶ 9). The Agreement prohibits Utritionists—including Defendants—from engaging in specific conduct. The provision in relevant part states:

> a) A ÜTRITIONIST and/or Customer may participate in other direct sales, multilevel, network marketing or relationship marketing businesses or marketing opportunities, as long as it is not a Competing Product as defined herein. However,

1

>during the Term of this Agreement, a ÜTRITIONIST may not recruit any fellow ÜTRITIONIST or Customer for any other direct sales or network marketing business that the ÜTRITIONIST did not personally sponsor, If cross sponsoring is verified by ÜFORIA™, sanctions up to and including termination of a ÜTRITIONIST's position may be imposed.
>b) The term "recruit" means actual or attempted solicitation, enrollment, encouragement, or effort to influence in any other way *(either directly or through a third party)* another ÜTRITIONIST or Customer to enroll or participate in any direct sales or network marketing opportunity. This conduct represents recruiting even if the ÜTRITIONIST's actions are in response to an inquiry made by another ÜTRITIONIST or Customer.
>c) During the term of this Agreement a ÜTRITIONIST must not sell, or entice others to sell, any Competing Product(s) or services, including training materials, to ÜFORIA™ Customers or ÜTRITIONISTs.
>d) A ÜTRITIONIST may not display or bundle ÜFORIA™ products or services, in sales literature, on a website or in sales meetings, with any other products or services to avoid confusing or misleading a prospective Customer or ÜTRITIONIST into believing there is a relationship between the ÜFORIA™ and non-ÜFORIA products and services.
>e) A ÜTRITIONIST may not offer directly or indirectly any non-ÜFORIA opportunity, product or service at any ÜFORIA-related meeting, live or virtual event, seminar or convention that other ÜTRITIONISTs or Customers are known to be attending or any social media channel/pages in which they have promoted ÜFORIA™.
>f) A ÜTRITIONIST shall not promote non-ÜFORIA products or services in conjunction with ÜFORIA™ products or services on the same social media site or same advertisement without prior approval from the ÜFORIA™ Compliance Department.

(Dkt. 6, Exhibit 1 at §§ 3.6(a)–(e); 14.2(viii)).

Uforia alleges that Defendants "are violating the Agreement by actively promoting another network marketing company called 'APLgo'" (Dkt. #6 ¶ 11). On October 22, 2020, Uforia filed an action in state court (Dkt. #1, Exhibit 4). On November 23, 2020, Defendants removed the case (Dkt. #1), and on January 19, 2021, Defendants filed this Motion to Dismiss (Dkt. #7). Uforia filed its response on February 2, 2021, (Dkt. #9), to which Defendants filed their reply on February 9, 2021 (Dkt. #11). In its complaint, Uforia brought causes of action for breach of contract, tortious interference with contracts, and tortious interference with prospective relations (Dkt. #6 ¶¶ 16–28).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants argue that Uforia's claims that because Uforia did not set forth facts that would state a plausible claim for tortious interference with contract and tortious interference with prospective relations, these two claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7 at 1–2). In its response, Uforia argues that Defendants' Motion should be denied, or in the alternative, that Uforia should be given leave to amend its complaint (Dkt. #9 at p. 1).  In their Reply, Defendants state that they do not oppose Uforia's request for an opportunity to amend the complaint (Dkt. #11 at p. 5). The Court finds that granting Uforia's request to amend its complaint is appropriate.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Uforia shall file an amended complaint no later than March 29, 2021.

**SIGNED this 16th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE